# IN THE COURT OF APPEALS OF IOWA

No. 21-1162
Filed October 19, 2022


**TY ANDRE PATRICK,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        Ty Patrick appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**


        Jeremy L. Merrill of Merrill Law, PLC, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., Tabor, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DANILSON, Senior Judge.**

In 2020, Ty Patrick pled guilty to possession of a controlled substance (methamphetamine, in excess of five grams) with intent to deliver, as a second or subsequent offender, in violation of Iowa Code sections 124.401(1)(b)(7) and 124.411 (2019).[1]  Later that year, Patrick filed an application for postconviction relief (PCR), raising various claims of ineffective assistance of trial counsel, including that counsel was ineffective in "[f]ailing to file a motion to suppress the warrantless search of the vehicle [and] of the backpack that was in the vehicle" involved in the incident precipitating the charges against him.  Following a hearing, the court entered an order dismissing Patrick's application.

On appeal, Patrick challenges the PCR court's denial of his claim.[2]  The following facts are relevant to his contention, which we review de novo.  *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).  Des Moines police officers responded to an apartment upon a report of "some sort of dispute and that there was a gun involved."  The first responding officer learned someone "was threatening other people in the apartment with the firearm" and "the people who had the weapon [were] in a car" parked nearby.  After being pointed to the vehicle,

---

[1] As part of the plea, the State agreed to dismiss other charges against Patrick and recommend he be sentenced to thirty-five years in prison with a one-third mandatory minimum, but with a one-third reduction of the minimum sentence.  The court accepted Patrick's plea and sentenced him according to the agreement.

[2] Patrick also argues, for the first time on appeal, that trial counsel "was ineffective for failing to file a motion to suppress the search of [his] person."  Because that claim was not ruled on by the PCR court, we decline to address it.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

the officer drew his weapon and ordered the "two occupants in the car" to "keep their hands up." When backup arrived, the officers handcuffed both occupants, one of which was Patrick, and conducted pat-down searches. Patrick told officers "there's a BB gun in the car," but he was "evasive" and would not say where the gun was located. Patrick told the officers "he had a pipe on him," which "appeared to be the type of pipe . . . used to smoke narcotics." Patrick told the officers "that he smokes meth." Officers found a bag of an "unknown" substance in Patrick's pants pocket; Patrick stated, "that's meth." Officers subsequently located a BB gun and methamphetamine inside the vehicle. And inside a backpack found near "where . . . Patrick was located" in "the front passenger side of the vehicle," officers discovered a quantity of methamphetamine "inconsistent with mere personal use." In ruling on Patrick's claim, the PCR court found:

> [T]his court is convinced that a warrantless search of the vehicle and the backpack in that vehicle was proper under the automobile exception. [Officers] were summoned to the scene of an incident purportedly involving a weapon. Patrick, after being identified as the person with the weapon, provided inconsistent answers to direct questions about it. This clearly provided a basis for the initial search of the vehicle in order to locate the weapon. While that search was ongoing, officers found methamphetamine on the persons of both [Patrick and the other occupant of the vehicle]. This constitutes overwhelming evidence that would rise to the level of probable cause that additional contraband or proof of criminal activity was present in the vehicle. The officers were completely justified in undertaking a "comprehensive search" of the vehicle, including the backpack located in the area where Patrick had been sitting. A motion to suppress on this record would not have been successful.

(Internal citation omitted.)

We concur in the court's assessment. Under these facts and circumstances, we conclude a motion to suppress would have been meritless. Trial counsel "does not provide ineffective assistance if the underlying claim is

meritless." *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015). We further observe that Patrick has not specified—or even argued—how counsel's alleged failure resulted in prejudice. "[T]he defendant must show both prongs of this test have been met" to prove ineffective assistance of counsel. *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018). We affirm the court's dismissal of Patrick's PCR application.

**AFFIRMED.**